IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

In re: Louisiana Public Service Commission,   )
                                              ) No. 22-60458
                                              )
                  Petitioner.                 )

## MOTION FOR LEAVE TO FILE LATE RESPONSE
## IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Pursuant to Federal Rule of Appellate Procedure 27, Circuit Rule 27.4, the Arkansas Public Service Commission ("APSC") moves for leave to file its response in support of the petition for writ of mandamus (Petition) filed by the Louisiana Public Service Commission ("LPSC") in the captioned matter out of time. In support of its motion, the APSC states:

1. APSC counsel has contacted counsel for the Federal Energy Regulatory Commission ("FERC"), the LPSC, and System Energy Resources, Inc. ("SERI") regarding this motion. Counsel for FERC indicates that FERC does not oppose the motion, counsel for LPSC consents to the motion, and counsel for SERI takes no position on the motion.

2. APSC is a party of record in the underlying FERC proceeding, but had not previously sought to intervene as a party in the instant docket. As a result, APSC was unaware of this Court's September 15 order seeking a response to the LPSC's mandamus request until after the deadline.

3. Once it became aware that responses had been filed, APSC acted expeditiously to formulate a response. This process took longer than expected because the APSC Chairman announced his resignation during the process.

4. APSC does not believe any party will be prejudiced by APSC's late filing.

WHEREFORE, APSC moves for leave to file its response late.

Respectfully submitted

Justin Craig
Commission Counsel
Arkansas Public Service Commission
1000 Center Street
P.O. Box 400
Little Rock, AR 72203-0400
Telephone: (352) 516-1254
Fax: (501) 682-5731
Email: Justin.Craig@arkansas.gov

*s/ Harvey L. Reiter*
Harvey L. Reiter
Glen L. Ortman
Dennis Lane
M. Denyse Zosa
Stinson LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
Telephone: (202) 728-3016
Fax: (202) 572-9959
Email: harvey.reiter@stinson.com

*Counsel for the Arkansas Public Service Commission*

October 5, 2022

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate procedure 27(d)(2)(A) because it contains 231 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this response complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in Times New Roman 14-point font using Microsoft Word.

*s/ Harvey L. Reiter*
Harvey L. Reiter
Stinson LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
Telephone: (202) 728-3016
Fax: (202) 572-9959
Email: harvey.reiter@stinson.com

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25 and 25.2.5, I hereby certify that on October 5, 2022, I hereby certify that I have this day served the foregoing document via email through the Court's CM/ECF system.

*s/ Harvey L. Reiter*
Harvey L. Reiter
Glen L. Ortman
Dennis Lane
M. Denyse Zosa
Stinson LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
Telephone: (202) 728-3016
Fax: (202) 572-9959
Email: harvey.reiter@stinson.com

*Counsel for the Arkansas Public Service Commission*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| In re: Louisiana Public Service Commission, | ) |
| | ) No. 22-60458 |
| | ) |
| Petitioner. | ) |

## RESPONSE OF ARKANSAS PUBLIC SERVICE COMMISSION IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Pursuant to Federal Rule of Appellate Procedure 21, Circuit Rule 21, and this Court's September 15, 2022 Order, the Arkansas Public Service Commission ("APSC") submits its response in support of the petition for writ of mandamus (Petition) filed by the Louisiana Public Service Commission ("LPSC") in the captioned matter.

LPSC seeks a mandamus requiring the Federal Energy Regulatory Commission ("FERC") to act on a complaint filed nineteen months ago by LPSC, APSC, and the Council of the City of New Orleans in FERC Docket No. EL21-56 alleging that System Energy Resources, Inc. ("SERI") and certain companies of the Entergy Corporation ("Entergy") have acted imprudently in the operation of SERI's Grand Gulf nuclear plant located in Mississippi. As a result, Grand Gulf has operated over the past several years at a capacity factor, which is a measure of a plant's actual operation compared to the plant's total operating capacity for a year,

that is substantially below the average nationwide nuclear plant capacity factor. Despite Grand Gulf's reduced output, retail customers in Arkansas as well as in the other States served by Grand Gulf have had to pay their full share of the plant's costs along with significant added costs for the higher-priced replacement electricity needed to make up the shortfall caused by Grand Gulf's reduced operational capacity. It does not appear that SERI has remedied the serious operational problems with Grand Gulf as it has already suffered a major shutdown in 2022.

In these circumstances, FERC's failure to act on the complaint long after all the pleadings have been submitted violates the rule of reason used to evaluate whether mandamus is appropriate. "In evaluating whether agency delay constitutes an abuse of discretion, this court has applied a 'rule of reason' analysis. Although the issue of whether delay is unreasonable necessarily turns on the facts of each particular case, this court has stated generally that a reasonable time for an agency decision could encompass months, occasionally a year or two, but not several years or a decade.'" *Midwest Gas Users Ass'n v. FERC*, 833 F.2d 341, 359 (D.C. Cir. 1987)(citations omitted). Determining what is a reasonable time within which to expect FERC action turns on "the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). Here, FERC has only to decide whether to institute a hearing or

2

not regarding the complaint. To be sure, the complaint was supported by considerable evidence, is subject to a motion to dismiss, and involves complex issues, but deciding whether to move forward with a hearing or not presents a less complex task compared to reaching a post-hearing decision, is not immutably permanent or significant even assuming a hearing is ordered because a final decision will be based testimony, exhibits and briefing developed at hearing, and FERC has not suggested it lacks resources to hold a hearing. *Compare id.* at 1100 (noting delay was "attributable, at least for the most part, to a shortage of resources addressed to an extremely complex and labor-intensive task"). In these circumstances, a reasonable time for delay would be a mere matter of months, not the already year and a half long delay with no apparent end in sight.

Under this Court's rulings, a mandamus "may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011) (citations omitted). Those conditions are satisfied here: APSC and the other complainants have a clear right to have their complaint addressed and FERC has a clear duty to act on the complaint–either to institute hearings on its merits or to deny it in which case judicial review would be available. Absent FERC action, the complaint remains in limbo without resolution. FERC's non-action thus creates the type of situation that "saps the public confidence in an agency's ability to

3

discharge its responsibilities and creates uncertainty for the parties." *Potomac Electric Power Co. v. ICC*, 702 F.2d 1026, 1034 (D.C. Cir. 1983).[1]

LPSC requests mandamus for two other FERC proceedings that have languished after completion of hearings and issuance of initial decisions by the presiding administrative law judges: FERC Docket EL17-41 *et al.* and Docket EL18-152. In the former case, the initial decision issued on March 24, 2021 and briefs on and opposing exceptions were submitted by May 27, 2021. In the latter case, the initial decision issued on April 6, 2020 and exceptions briefing was completed by October 22, 2020. In both cases, the initial decisions ordered refunds that would flow through to retail ratepayers.

For present purposes, the pertinent point is that FERC itself set a schedule under which it would issue a final decision: within ten months after exceptions briefing in Docket EL17-41 *et al.*, *see* "Order on Complaint, *etc*.," 160 FERC ¶ 61,141 at P 19 (2017); and, eight months after exceptions briefing in Docket EL18-152. *See* "Order on Complaint, *etc*.," 164 FERC ¶ 61,189 at P 31 (2018). FERC has

---

[1] APSC is aware SERI has reached a partial settlement with the Mississippi Public Service Commission on this and other FERC dockets, and, indeed, commented that it neither opposed the settlement nor was willing to join in its terms. *See APSC v SERI*, FERC Dockets EL17-41 *et al.* (APSC Reply Comments, Aug. 16, 2022). While whether to accept that partial settlement could have impacts on the EL21-56 complaint proceeding, that is no reason to delay action on the complaint as any such impacts could be considered within the hearing procedures, should FERC decide a hearing is appropriate. Likewise, SERI is free to continue settlement negotiations with other parties if a hearing is ordered.

not met either the projected issuance date nor has it provided any update on when final decisions can be expected in those cases. These delays raise a concern that FERC's inaction is effectively avoiding judicial review of any final order in these matters, which is a ground for issuing mandamus. *See, e.g.*, *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70,76 (D.C. Cir. 1984)("Because the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes, a Circuit Court may resolve claims of unreasonable delay in order to protect its future jurisdiction.")(citations omitted).

Although LPSC points out that delay related to the return on equity in Docket EL17-41 *et al.* is based on changing methodology and a recent reversal of FERC's rate of return policy, LPSC Petition at 13-14 citing *MISO Trans. Owners, et al v. FERC*, No. 16-1325 (D.C. Cir. Aug. 9, 2022), the Court's opinion issued only last month and does not explain away the prior delay of more than a year beyond FERC's own deadline. No comparable court decision is involved in Docket EL18-152 that can be claimed as partial reason for the delay. In these circumstances, this Court might consider setting a schedule for FERC to act on these matters. *See Oil, Chemical & Atomic Workers Int'l Union v. Zegeer*, 768 F.2d 1480, 1488 (D.C. Cir. 1985)(accepting agency's representation that rulemaking would be completed within two years, but if the agency "should fail to act with appropriate diligence in following the estimates it has tendered to this court, petitioners may invoke our

5

authority to direct MSHA to complete the rulemaking process with due dispatch.") (citations omitted).

Accordingly, APSC urges the Court to grant the petition.

Respectfully submitted

Justin Craig
Commission Counsel
Arkansas Public Service Commission
1000 Center Street
P.O. Box 400
Little Rock, AR 72203-0400
Telephone: (352) 516-1254
Fax: (501) 682-5731
Email: Justin.Craig@arkansas.gov

*s/ Harvey L. Reiter*
Harvey L. Reiter
Glen L. Ortman
Dennis Lane
M. Denyse Zosa
Stinson LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
Telephone: (202) 728-3016
Fax: (202) 572-9959
Email: harvey.reiter@stinson.com

*Counsel for the Arkansas Public Service Commission*

October 5, 2022

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P 21(d), and 32(c)(2), I certify that this response complies with type-volume limitation of Fed. R. App. P. 21(d) because this response contains 1,282 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in Times New Roman 14-point font using Microsoft Word.

*s/ Harvey L. Reiter*
Harvey L. Reiter
Stinson LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
Telephone: (202) 728-3016
Fax: (202) 572-9959
Email: harvey.reiter@stinson.com

October 5, 2022

DB04/0811250.0021/14092512.1

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25 and 25.2.5, I hereby certify that on October 5, 2022, I hereby certify that I have this day served the foregoing document via email through the Court's CM/ECF system.

Respectfully submitted


Justin Craig
Commission Counsel
Arkansas Public Service Commission
1000 Center Street
P.O. Box 400
Little Rock, AR 72203-0400
Telephone: (352) 516-1254
Fax: (501) 682-5731
Email: Justin.Craig@arkansas.gov


*s/ Harvey L. Reiter*
Harvey L. Reiter
Glen L. Ortman
Dennis Lane
M. Denyse Zosa
Stinson LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
Telephone: (202) 728-3016
Fax: (202) 572-9959
Email: harvey.reiter@stinson.com

*Counsel for the Arkansas Public Service Commission*

DB04/0811250.0021/14092512.1